THE CATLIN LAND & CANAL COMPANY, APPELLANT, v. BEST, APPELLEE.

1. PRACTICE—OBJECTIONS—EXCEPTIONS.

Rulings of the court below admitting or excluding evidence will not be considered on appeal, when the evidence was admitted without objection and no exceptions were saved.

2. PRACTICE—NONSUIT.

It is not error to refuse a nonsuit when there is evidence of damage for which a recovery could be legally had.

3. NEGLIGENCE.

Owners of ditches are liable in damages resulting from their neglect to carefully maintain and keep the embankments of their ditches in good repair.

4. CONTRACT RELEASING DAMAGES, HOW CONSTRUED.

A contract releasing the ditch company from damages by reason of unavoidable accidents and breaks of the canal would not cover a case of gross and continued negligence.

*Appeal from the County Court of Otero County.*

Mr. GEORGE A. KILGORE, Mr. W. E. BECK and Mr. H. B. JOHNSON, for appellant.

Messrs. RIDDELL, STARKWEATHER & DIXON, for appellee.

REED, J., delivered the opinion of the court.

Appellant was the owner of and managing an irrigating canal. Appellee was the owner of, or at least in the possession of farming land under the canal. In February, 1889, there was a limited, but quite large volume of water being carried in the canal for the domestic use and convenience of its patrons. Some time during the month of February a large break occurred in the bank of the canal and the water passed down upon, and over the land of appellee, causing damage. Appellant had no one in the actual care of the ditch, paid no attention to the break, made no effort to re-

pair it; appellee made some ineffectual efforts to repair the break and stop the water.

The break remained and the water continued to flow on appellee's land some three weeks, submerging it and creating a lake covering several acres, which remained for a long time until taken up by evaporation and absorption. The water also cut through at the point of its discharge into a creek, leaving a large excavation and destroying some land. It also appeared that the land submerged was seeded to alfalfa, and a crop upon some seven acres was destroyed by reason of the water. Also that a natural pasture was destroyed or rendered inaccessible, and that by reason of it appellee was compelled to feed out a quantity of hay and straw to his stock. A suit was brought by appellee for the damages sustained; a trial was had to a jury, resulting in a verdict and judgment of $80.00 against the canal company.

The errors assigned and relied upon are, the admission of improper evidence; the exclusion of proper evidence, refusal to grant a nonsuit, and to the instructions given and refused.

Upon the trial, it must be conceded, that the evidence of the plaintiff took a wide range, and that some of the damage was rather remote and questionable, but no objection was made or exceptions saved, nor were any exceptions saved to the refusal of evidence offered by the defendant; hence, the supposed errors will not be considered. The court was justified in refusing a nonsuit. Mixed with much testimony of damage of a nature inadmissible, was also much proper evidence of damage, for which a recovery could be legally had, which were questions of fact that were properly left for the determination of the jury. The jury was warranted by the undisputed facts in evidence, in finding the canal company culpably negligent and guilty of violating the statute, and in awarding proper damage. The amount was purely a question of fact to be determined from the evidence. It is apparent from the amount of damage found that a considerable portion claimed was disallowed. It is impossible to determine from the record whether the amount allowed was for

damage legally chargeable, or too remote to be legally considered, but the amount was so small it might have been predicated upon either. The legal presumption must be that the former was considered and the latter disallowed.

Sec. 1733, Genl. Laws, p. 565, is: " The owner of any irrigating or mill ditch shall carefully maintain and keep the embankments thereof in good repair and prevent the water from wasting."

Sec. 1737, p. 566: " Owners of all ditches shall be liable for all damages resulting from their neglect or refusal to comply with the provisions of sec. 1 (1733) of this act."

While, as contended, the break may have been accidental and caused by no failure or neglect, it was the duty of the company to repair it at the earliest practicable opportunity ; to allow it to remain unrepaired for two or three weeks was, under the circumstances, negligence *per se*, for which it was clearly liable.

Two of the instructions given for the plaintiff are upon a question not properly involved—a question of contract between the parties, made the preceding year, in regard to the sale of water to appellee during the irrigating season, in which it is claimed the canal company was released from all liability for damage by breakage of the canal, which was relied upon by the appellant, but which by its own limitation had expired the preceding November; hence, could not be used as a defense. These instructions in no way prejudiced the defendant. The others given are unobjectionable, being merely a statement of the statute provisions cited above. Those given for the defendant are rather at variance with those given for the plaintiff, and are more favorable than warranted by the law and the facts. The other instruction asked was very properly refused. · It was to the effect that the contract for the use of water, that, by its terms, expired November 1st, the preceding year, would, in the absence of a new contract for the ensuing year, remain in force and control the parties. Comment upon it is unnecessary. Even if there had been an existing contract releasing the company

from damages by reason of unavoidable accidents and breaks of the canal, it could not cover a case of gross and continued negligence, as in the case under consideration.

There being no serious errors as to the law, and the questions of fact having been settled by the verdict of the jury, the judgment will not be disturbed.

*Affirmed.*